IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>             Plaintif,                          ) | Case Number: 4:15-cr-00441-CDP-NCC |
|                                                      ) | |
| vs.                                              ) | |
|                                                      ) | |
| TERRANCE WILSON,                  ) | |
|             Defendant.                      ) | |

**DEFENDANT WILSON'S  MOTION IN LIMINE TO EXCLUDE STATEMENTS**

      COMES NOW Defendant, Terrance Wilson, by and through counsel, and pursuant to Fed R. Crim. P. 14 and respectfully moves this Court to enter its Order in Limine prohibiting any reference in voir dire, opening statement, evidence or argument as to statements made by co-defendant Mr. Stewart. In support of his Motion, Defendant states the following:

      1.      In Count I, Mr. Wilson, and the codefendant Mr. Stewart, are charged with the offense of distributing and possessing with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and with the offense of distributing and possessing with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). In Counts II, III, and IV, the defendants are charges with violations of Title 18 USC, Sections 2,924(c)(1)(A), and 924(j)(Possession of a Firearm in furtherance of a drug trafficking crime, in the course of this violation the death of a person was caused by the use of a firearm with malice aforethought, to wit  the murders of Ronald James, Michael McGill and Darrion Williams).

2. This Court has previously denied Mr. Wilson's Motion to Sever and has indicated its intent to try Mr. Wilson and Mr. Stewart's cases together.

3. Mr. Wilson anticipates that the Government will seek to introduce into evidence at trial various statements made by co- defendant Mr. Stewart that implicate Mr. Wilson.

4. Mr. Wilson anticipates that the Government's offered statements by Mr. Stewart occurred post-arrest and were not in furtherance of any alleged conspiracy. Mr. Wilson anticipates that these statements were made either to the Government's cooperating witnesses (including jail-house informants) and/or agents of the Government.

5. These post-arrest statements constitute hearsay as they are out-of-court statements offered by the Government for the truth of the matters asserted.

6. These statements do not meet any exception to the general prohibition against the admission of hearsay. As these hearsay statements were made by co-defendant Stewart, Mr. Wilson will not have the opportunity to confront and cross-examine the declarant and thus their admission would be in violation of his 6th Amendment rights.

7. Admission of co-defendant Stewart's statements against Mr. Wilson would violate *Bruton v. United States*, 391 U.S. 123 (1968) that held that the admission of a non-testifying defendant's confession that inculpates a codefendant's violates the co-defendant's Confrontation Clause rights. *Bruton* found "[d]espite the concededly clear instructions to the jury to disregard [co-defendant's] inadmissible hearsay evidence inculpating [defendant], in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for [defendant's] constitutional right of cross examination. The effect is the same as if there had been no instruction at all." *Id.* at 137.

8. In this case, redaction of co-defendant Stewart's statements will not cure the Constitutional violation. As in *Gray v. Maryland*, 523 U.S. 185 (1998), here any redaction would still lead the jury, making ordinary inferences, directly to the Mr. Wilson resulting in a *Bruton* violation. See also *United States v. Gonzalez*, 183 F.3d 1315, 1322-23 (11th Cir. 1999)(redaction was insufficient where confession was redacted to refer to co-defendant only by description even though description could only be verified by other evidence); and *United States v. Long*, 900 F.2d 1270 , 1279-80 (8th Cir. 1990)(redaction was insufficient when confession referred to codefendant only as "someone" but other evidence "led the jury straight to the conclusion that 'someone' referred to the defendant).

9. The Government's case may necessitate the admission of Mr. Stewart's statements against him. In that case, Mr. Wilson requests that the Court reconsider its previous ruling denying Mr. Wilson's Motion to Sever Defendants. Permitting separate trials against Mr. Wilson and Mr. Stewart would eliminate any *Bruton* issue.

10. Admission of Mr. Wilson's statements at a joint trial, even if redacted and/or with a limiting instruction, will be insufficient to protect Mr. Wilson's rights to confront and cross examine the witnesses against him, right to due process and a fair trial, and right to effective assistance of counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

WHEREFORE Defendant requests that this Court enter its Order in Limine excluding from any evidence the hearsay statements of co-defendant Stewart. Mr. Wilson requests this Order in Limine as an ordinary objection during the course of trial to such evidence, even if sustained, would not be sufficient to alleviate the prejudicial effect of such evidence.

Respectfully submitted,

/s/ David Bruns

_____
David Bruns #38665
Attorney for Defendant
225 S Meramec Ave Ste 1100
Clayton, MO 63105
P:(314) 832-0202 |Fax (314) 269-1042
david@brunspc.com

**CERTIFICATE OF SERVICE**

     Signature above is also certification that on December 22, 2017 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.