IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CR00441 CDP |
| ) | |
| TERRANCE WILSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE - RULE 609 EVIDENCE**

COMES NOW Defendant Terrance Wilson, by and through, and moves this Court for an order prohibiting the Government from introducing into evidence Defendant's prior convictions if he testifies in his own defense. The prior convictions that the Government intends to introduce if Mr. Wilson testifies are:

a. Felony possession of a controlled substance in St. Louis City Circuit Court Case No. 061-1222 from March 29, 2006.

b. Assault Second Degree involving injury with a firearm in St. Louis County Circuit Court Case No. 10SL-CR8978 from December 10, 2010.

c. Endangering the welfare of a child, resisting arrest, leaving the scene of an accident, and armed criminal action in St. Louis City Circuit Court Case No. 1022-CR5314 from September 13, 2010.

Argument

Under the Federal Rules of Evidence 609(a), an accused may be impeached with a prior conviction, for a crime that was punishable by imprisonment in excess of one year, if the Court decides that the probative value of admitting the prior conviction outweighs its prejudicial effect. The only kind of crime that is admissible without the requirement that the Court engage in the balancing test of prejudice versus probative value, is one that has an element of proof involving

an act of dishonesty or false statement.

Typically, an accused may not be impeached with his prior convictions(s) if it has been more than ten years since he was released from prison for that prior conviction, or if no sentence of imprisonment was imposed, from the date that the sentence was imposed. However, the Court may exclude a conviction that is within ten years of the instant offense, or admit a conviction that is older than ten years, after balancing the probative value of the conviction against its prejudicial effect. Fed. R. Evid. 609(b).

If a prior conviction is deemed admissible by the Court for purposes of cross examination, the "scope of such examination is strictly limited in order to avoid the confusion resulting from the trial of collateral issues, and also to avoid unfairness to the witness," *United States v. Street*, 548 F.3d 618, 627 (8th Cir. 2008) (quoting *United States v. Roenigk*, 810 F.2d 809, 814 (8th Cir. 1987)). For example, the Government is entitled to question a defendant on the fact of conviction. However, it is improper under Fed. R. Evid. 609(a) for the Government to question a defendant regarding the circumstances of a conviction. *See United States v. Swanson*, 9 F.3d 1357, 1356-57 (8th Cir. 1993).

## CONCLUSION

WHEREFORE, on the foregoing grounds, Defendant moves this Court for an order prohibiting the Government from introducing into evidence any reference to Defendant's prior convictions if he chooses to testify during the trial of this case.

Respectfully submitted,

By: **/s/ Preston Humphrey, Jr**
Preston Humphrey, Jr. #49183MO
Attorney for Defendant Terrance Wilson
1015 Locust, Suite 413
St. Louis, MO 63101
(314) 621-1765
(314) 875-9297 *facsimile*

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically this 22nd day of December, 2017 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Dean Hoag and Michael Riley, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, MO 63102 and all counsel of record.

/s/ Preston Humphrey, Jr.