# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,   )<br>  )<br>v.   )<br>  )<br>TERRANCE WILSON,  )<br>  )<br>    Defendant.   ) | Case No. 4:15CR00441 CDP |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE RULE 404(b) EVIDENCE AND RESPONSE TO GOVERNMENT'S INTENT TO RELY UPON 404(b) EVIDENCE**

COMES NOW Defendant Terrance Wilson, by and through counsel, and moves this Court for an order *in limine* prohibiting the Government from introducing into evidence certain information relating to Defendant's prior criminal convictions and other acts outlined in Government's Pretrial Memorandum (Doc. #134).  In support of this Motion, Defendant states:

The Federal Rules of Evidence exclude evidence of a defendant's alleged prior criminal acts that are neither charged in the indictment nor part of the same transaction or occurrence, *United States v. Bohr*, 581 F.2d 1294, 1298 (8th Cir. 1978); *United States v. Clemons*, 503 F.2d 486, 489 (8th Cir. 1974), unless such evidence falls within the narrow and specific exceptions catalogued in Rule 404(b), Federal Rules of Evidence. *See United States v. Calvert*, 523 F.2d 895, 906 n.10 (8th Cir. 1975). Accordingly, inherent dangers attend the use of "other crimes" evidence under Rule 404(b).

Well before the passage of the Federal Rules of Evidence, this Circuit enunciated the hazards which accompany the use of such evidence, and its possibility for abuse by the jury, where in *Paris v. United States*, 260 F.529, 531 (8th Cir. 1919) the Court noted:

> [Such other crimes] evidence tends to draw the attention of the jury away from a consideration of the questions, and to lead them unconsciously to render their verdicts in accordance with their views on false issues rather than on the true issues at trial.

Historical analysis and application of Rule 404(b) therefore suggest that it is absolutely critical to ensure that a jury will not misunderstand the basis for the introduction of 404(b) evidence. Hence, the express limitations of Rule 404(b) where it reads: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity herewith."

## ARGUMENT

As prefaced above, Rule 404(b) provides that a district court may admit "[e]vidence of other crimes, wrongs or acts" for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident;" but not for the purpose of proving the character of the defendant to show that he acted in conformity with that character. Fed.R.Evid. 404(b); see also, *United States v. Jones*, 990 F.2d 1047, 1050 (8th Cir. 1993). While Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition, certain criteria must be met before such evidence can be admitted. See *United States v. Shoffner*, 71 F3d. 1429, 1432 (8th Cir. 1995). To make a determination of whether or not to admit evidence of other crimes, this Court requires a four-part test: Admission of prior bad act evidence is permissible only if it is: 1) relevant to a material issue raised at trial; 2) similar in kind and not overly remote in time to the crime charged; 3) supported by sufficient evidence; and 4) its probative value is not

substantially outweighed by its prejudicial value. *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005). This type of evidence is ordinarily excluded because of the likelihood the jury may misuse it. *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir.2006). This Court also noted:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Johnson*, 439 F.3d at 887 (citing Fed. R. Evid. 404) advisory committee notes (1972).

A district court has "broad discretion" when deciding whether to admit evidence of other crimes or bad acts. *United States v. Mihm*, 13 F.3d 1200, 1204 (8th Cir. 1994). As iterated above, Rule 404(b) specifically prohibits introduction of evidence that tends to prove criminal disposition. It is exactly that prohibited criminal disposition that the Government now intends to introduce at trial.

<u>PRIOR CONVICTIONS</u>

1. In an abundance of caution, Defendant Wilson moves to prohibit the Government from introducing facts and circumstances regarding his prior convictions at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. Those convictions include the following:

   a. Felony possession of a controlled substance in St. Louis City Circuit Court Case No. 061-1222 from March 29, 2006.

   b. Assault Second Degree involving injury with a firearm in St. Louis County Circuit Court Case No. 10SL-CR8978 from December 10, 2010.

    c.   Endangering the welfare of a child, resisting arrest, leaving the scene of an accident, and armed criminal action in St. Louis City Circuit Court Case No. 1022-CR5314 from September 13, 2010.

2.    Use of this evidence under Rule 404(b) is impermissible because these offenses are functionally dissimilar to the crimes charged in this case, they will be used to show propensity, and the convictions are not close in time.

The Eight Circuit has held that in order for evidence of a prior bad act to be admissible under Rule 404(b), it must be functionally similar to the crime alleged. For example, a drug possession charge is not functionally similar to a drug sale charge and thus was properly excluded by the District Court in a drug distribution trial. *United States v. Cook*, 454 f.3d 938, 941 (8th Cir. 2006). Although both cases involved illicit drugs, this fact alone was not sufficient to justify the introduction of evidence of one in the trial of another. *Id*. Even two incidents involving the sale of drugs may be sufficiently dissimilar to justify the exclusion of one from the trial of the other. *United States v. Mejia-Uribe*, 75 F.3d 395, 398-399 (8th Cir. 1996) (Although both crimes involved the distribution of cocaine, the 1978 conviction involved a single sale of cocaine to undercover agents and the case at trial involved a large scale, ongoing operation that defendant entered under another's direction.). Similarly, delivery of a controlled substance is not functionally similar to possession with intent to distribute a controlled substance. The offenses are not similar enough to properly constitute Rule 404(b) evidence.

In the present case, Defendant's prior convictions are not functionally similar to the alleged offense of conspiracy to distribute heroin or homicide. The probative value of

evidence of Defendant Wilson's prior convictions is outweighed by the prejudice they will cause Mr. Wilson.

## OTHER ACTS

The Government's Pretrial Memorandum outlines an expansive, but not exhaustive list of other acts that the Government intends to introduce that if not intrinsic to the charged conspiracy will be offered pursuant to 404(b).  These include homicides and acts of violence not charged in the Superceding Indictment.  All of the charged and uncharged homicides and acts of violence are alleged to be related to the Donald White Drug Trafficking Organization.

The Government, as the proponent of the evidence, must be prepared to show a permissible purpose for admission. In a drug-conspiracy case, intent and knowledge will always be at issue because they are elements of the charged offense. See Eighth Circuit Manual of Model Criminal Jury Instructions § 6.21.846A (2014) (requiring government to prove, among other elements, that defendant "intentionally joined in the agreement" and "knew the purpose of the agreement").  But Rule 404(b) requires more. Simple assertions without further explanation that the evidence is relevant to a material issue such as intent or knowledge is not enough to establish its admissibility under the Federal Rules. *See United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir. 1988) ("We consider 404(b) a rule of inclusion . . . . But this does not mean that all such evidence is admissible simply on invocation of the Rule."

The Government asserts that these incidents are related to an ongoing drug conspiracy to which Defendant Wilson was recruited as an enforcer and shooter.  The other-evidence the Government seeks to introduce as outlined in its Pretrial Memorandum

is barred by the Federal Rules of Evidence 401, 403, 404(b) 801, and 803. This evidence is either irrelevant, unduly prejudicial, or not proper 404(b) evidence. All the other-act evidence that the Government has noticed should be excluded.

Evidence of a defendant's other acts may not be admitted to show that a defendant has a propensity to commit the charged offense. Fed. R. Evid. 404(b).  Such evidence may be admissible for the limited purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or absence." Fed. R. Evid. 404(b). Where evidence relates to other acts of the defendant, a court must, as an initial matter, determine whether the evidence "is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988); Fed. R. Evid. 404(b).

As previously noted, in the Eight Circuit for admissibility under Rule 404(b) requires that the evidence be (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.   Taken as a whole, the evidence tends to show propensity rather than any other enumerated uses that the Government put forward.  With the tendency to merely show propensity, the value of the alleged evidence is higher in prejudicial effect than probative value.  The proposed evidence by the Government does not meet the standard of being proven by a preponderance of the evidence.  Finally, the other-act evidence that the Government intends to introduce is simply not relevant to the charged offenses.

## CONCLUSION

The Government's proposed introduction of the listed priors serves only as evidence of Defendant's criminal disposition and would indeed poison the jury as to the

present charges.  Defendant has not introduced any testimony or witnesses that calls into question his motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The evidence of the prior acts would only be introduced to show Defendant's character and that he acted in this case in conformity with his character.

Even if the Court found that Defendant has introduced testimony or witnesses which the Court believes did call into question any of the exceptions enumerated in Rule 404(b), the prior acts are not relevant to any material issue, are not similar to the crimes for which he is charged in this case, and the probative value is outweighed by the prejudicial effect the evidence would have at trial.

Respectfully submitted,

By:    **/s/ Preston Humphrey, Jr**
Preston Humphrey, Jr. #49183MO
Attorney for Defendant Terrance Wilson
1015 Locust, Suite 413
St. Louis, MO 63101
(314) 621-1765
(314) 875-9297 *facsimile*

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically this 22nd day of December, 2017 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Dean Hoag and Michael Riley, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, MO 63102 and all counsel of record.

/s/ Preston Humphrey, Jr.